IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ONIEL CLARKE, | : | Civil No. 3:22-cv-371 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| CHAD WAKEFIELD, *et al.*, | : | |
| Defendants | : | |

FILED
SCRANTON
NOV 15 2022
PER _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff Oniel Clarke ("Clarke"), an inmate formerly housed at the State Correctional Institution, Smithfield, Pennsylvania ("SCI-Smithfield"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Clarke subsequently filed an amendment to the complaint. (Doc. 12). Named as Defendants are Superintendent Chad Wakefield, Superintendent Jamie Sorber, Secretary George Little, and the Pennsylvania Board of Probation and Parole. Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19). Clarke failed to respond to Defendants' motion and the time for responding has now passed.[1] Therefore, the motion is deemed unopposed and ripe for resolution. For the reasons set forth below, the Court will grant the motion.

---

[1] Clarke was directed to file a brief in opposition to Defendants' motion and was admonished that failure to file an opposition brief would result in Defendants' motion being deemed unopposed. (Doc. 23) (citing M.D. PA. LOCAL RULE OF COURT 7.6).

I.  **Allegations of the Complaint**

Beginning on February 15, 2022, Clarke was held at SCI-Smithfield, under the supervision of Superintendent Chad Wakefield, pursuant to a parole detainer issued by the Pennsylvania Board of Probation and Parole. (Doc. 1, p. 2). During his admission process, Clarke alleges that he informed officials of his mental and physical health conditions. (*Id.* at pp. 2-3). Specifically, he stated that he suffered from post-traumatic stress disorder, depression, mood swings, a torn rotator cuff, and knee pain. (*Id.*). From February 15, 2022, through the filing of his complaint on March 8, 2022, Clarke avers that he did not receive any mental health medication, his underwear and mask were not washed, his cell was not cleaned, and he did not receive outdoor exercise. (*Id.*). Due to this alleged neglect, and his placement on a top bunk, Clarke asserts that his health conditions worsened. (*Id.* at p. 3).

For relief, Clarke requests that the Board of Probation and Parole and the Department of Corrections provide individuals with proper mental health treatment, that the Department of Corrections clean cells daily and wash clothes on an as-needed basis, and he seeks payment for his pain and suffering. (*Id.* at p. 4).

Clarke asserts that George Little, Acting Secretary of Corrections, is entrusted with the well-being and security of each inmate and is responsible for the conduct of his employees. (Doc. 12, p. 1). He also asserts that Jaime Sorber, Superintendent of the State Correctional Institution, Phoenix, Pennsylvania ("SCI-Phoenix"), is responsible for any

violations that occur at SCI-Phoenix. (*Id.*). On April 26, 2022, Clarke was transferred from SCI-Smithfield to SCI-Phoenix. (Doc. 11).

## II. Legal Standards

### A. Federal Rule of Civil Procedure 12(b)(6)

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

3

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint:  First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).  This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

4

### B. Section 1983 Standard

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III. Discussion

Defendants move to dismiss the complaint on the following grounds: (1) Clarke's claim for compensatory damages for pain and suffering is barred; (2) neither the Board nor

5

the named Defendants in their official capacities are persons subject to section 1983 liability; and (3) Clarke's claim for injunctive relief is moot. (Doc. 20).

### A.   Compensatory Damages for Pain and Suffering

Defendants first argue that Clarke's request for monetary relief, to the extent that it seeks compensatory damages for pain and suffering, is barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). (Doc. 20, pp. 4-5). Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). More than a *de minimis* physical injury must be alleged as a predicate to allegations of mental or emotional injury. *See Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003). In *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, section 1997e(e) bars recovery of compensatory damages. However, the Court added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm. *See id.*

Here, Clarke generally alleges that his health conditions worsened while housed at SCI-Smithfield. Even construing the complaint liberally, Clarke has failed to allege more than a *de minimis* exacerbation to his health conditions over an approximate three-week

period. Under the standards announced in *Allah* and section 1997e(e), Clarke's request for compensatory damages for pain and suffering is barred.

### B. Defendants are not Persons Subject to Section 1983 Liability

Next, the Defendants in their official capacities, and the Pennsylvania Board of Probation and Parole, argue that any claims seeking monetary damages against them are barred by the Eleventh Amendment. (Doc. 20, pp. 5-6).

Personal capacity suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law. Official capacity suits, in contrast, generally represent an action against an entity of which the government official is an agent. *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). When suits are brought against state officials in their official capacities, those lawsuits are treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). However, the doctrine of sovereign immunity, established by the Eleventh Amendment, protects states, such as the Commonwealth of Pennsylvania, from suits by citizens. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 117 (1984); *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996); *Lavia v. Pennsylvania*, 224 F.3d 190, 195-96 (3d Cir. 2000). That immunity runs to state officials if they are sued in their official capacity and the state is the real party upon which liability is to be imposed. *Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974). Congress has not abrogated the immunity regarding Clarke's claims, nor has Pennsylvania

waived this grant of immunity. *See* 42 PA. STAT. ANN. AND CONS. STAT. ANN. § 8521(b). Similarly, the Pennsylvania Board of Probation and Parole is clearly not a "person" within the meaning of § 1983. *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977). Hence, Clarke's claims for money damages against the Defendants in their official capacities, and his claims against the Pennsylvania Board of Probation and Parole, are barred by sovereign immunity. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010).

## C. Injunctive Relief

To the extent that Clarke seeks injunctive relief, his claim is moot because he is no longer housed at SCI-Smithfield. (*See* Doc. 1, p. 4; Doc. 11). Article III of the Constitution provides that the judicial power of the United States shall extend to "cases" and "controversies." U.S. CONST., art. III, § 2. "[F]ederal courts may adjudicate only actual, ongoing cases or controversies," *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990), and "[i]t is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed,'" *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (citation omitted). Generally, an inmate's transfer from the facility complained of moots claims for equitable and declaratory relief. *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003); *Johnson v. Wenerowicz*, 440 F. App'x 60, 62 (3d Cir. 2011) (holding that the prisoner's request for injunctive and declaratory relief against the named defendants was rendered moot by his transfer to another prison).

Because Clarke is no longer incarcerated at SCI-Smithfield, he does not present a live case or controversy for injunctive relief regarding the policies or practices at that facility.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). For the reasons set forth above, Clarke's claims are legally and factually flawed; thus, the Court concludes that granting further leave to amend would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (where inmate plaintiff "has already had two chances to tell his story . . . giving him further leave to amend would be futile.").

## V. Conclusion

The Court will grant Defendants' motion (Doc. 19) to dismiss. A separate Order shall issue.

                                                    Robert D. Mariani
                                                    United States District Judge

Dated: November 15, 2022